## Lasher (et al., Appellant) *v.* Allegheny County Redevelopment Authority.

Argued November 14, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Milton I. Watzman,* with him *Watzman & Watzman,* for appellant.

*Alan L. Ackerman,* with him *Sylvan Libson,* for appellee.

OPINION BY JACOBS, J., December 14, 1967:

This appeal involves a construction of Section 609 of the Eminent Domain Code, Act of June 22, Special Sessions, 1964, P. L. 84, 26 P.S. §1-101 et seq. Section 609 allows business dislocation damages to a condemnee. The viewers awarded Crichley dislocation damages of $3,600. The authority appealed to the court below and, with the consent of the other parties, asked the court to determine preliminarily under Section 517 of the Eminent Domain Code, 26 P.S. §1-517, the proper method of computing Crichley's dislocation damages under Section 609. The court below determined that the viewers had incorrectly computed Crichley's dislocation damages and changed their award to $250. Crichley has appealed.[1] We affirm.

The facts are not in dispute and may be stated as follows: On August 5, 1964, the Redevelopment Authority of Allegheny County, appellee herein, condemned the property at 108 Pine Street, Borough of Carnegie. The owner of the property was J. H. Lasher, by virtue of a deed dated April 1, 1957, from Charles and Mary Lou Crichley. Charles Crichley occupied the premises in the conduct of a lumber and lumber mill business from 1929 to February 1966. From the time of the conveyance, April 1, 1957, until February 1, 1966, Crichley's occupancy was continuous under a mutually advantageous arrangement with Lasher respecting purchase and storage of lumber. No rent was paid, no lease was signed. Crichley's testimony before the viewers was as follows:

---

[1] Under Section 517 of the Eminent Domain Code a decree changing a viewers' report entered on a preliminary determination is designated a final order. Such a final order is made appealable to this court by Section 523 of the Eminent Domain Code, 26 P.S. §1-523.

"Q. Did you have any arrangement with him concerning your occupancy of those premises?

"A. No real definite—but I was buying considerable lumber from him, etc., and sometimes storing some for him.

"Q. And those are the arrangements you had—is that correct?

"A. Yes sir."

Compensation for business dislocation could not be recovered under prior law. Section 609 of the Eminent Domain Code allows such damages as follows:

"The condemnee shall be entitled to damages, as provided in this section, for dislocation of a business located on the condemned property, but only where it is shown that the business cannot be relocated without substantial loss of patronage. Compensation for such dislocation shall be the actual monthly rental paid for the business premises, or if there is no lease, the fair rental value of the business premises, multiplied by the number of months remaining in the lease, not including unexercised options, not to exceed twenty-four months or multiplied by twenty-four if there is no lease. The amount of such compensation paid shall not exceed five thousand dollars ($5000) and shall not be less than two hundred fifty dollars ($250). A tenant shall be entitled to recover for such business dislocation even though not entitled to any of the proceeds of the condemnation." 26 P.S. §1-609.

All parties agree that Crichley is a condemnee whose business was located on the condemned property, who has been dislocated by virtue of the condemnation and who cannot be relocated without substantial loss of patronage. The manner of computing his compensation is in dispute.

The legislature has fixed the method of computing damages for business dislocation in Section 609. It provides for two situations, one where there is a lease

and the other where there is no lease. Crichley asks us to treat this case as if there were no lease and allow the viewers' award to stand on the basis that it represents twenty-four times the fair monthly rental value. The court below held that there was a lease and applied the formula applicable to that situation under Section 609.

A lease embraces any agreement, whether express or implied, which gives rise to the relationship of landlord and tenant. *Smith v. Royal Ins. Co.*, 111 F. 2d 667, 671 (9th Cir. 1940) ; Trickett, Landlord & Tenant 1 (Stern Ed. 1950). When, as here, the facts are not in dispute the existence of the landlord and tenant relation is a question of law for the court. 51 C.J.S., Landlord and Tenant §25 (1947). A tenant is one who occupies the premises of another in subordination to the other's title and with his assent, express or implied. The agreement may be in writing or parol and the reservation of rent is not essential to the creation of the landlord and tenant relation. *Wilson Estate*, 349 Pa. 646, 649, 37 A. 2d 709, 710 (1944). When a grantor remains in possession after a conveyance of the premises he has been regarded as a tenant at will, especially where he has the consent of the grantee. 51 C.J.S., Landlord and Tenant §160 (1947).

The facts plainly show that Crichley remained in possession of the land after he had conveyed to Lasher with Lasher's consent either express or implied. This was sufficient to constitute a landlord and tenant relationship. The agreement under which this relationship existed constituted a lease within the above definition. The court below was correct in so holding.

Since Crichley held under a lease he was entitled to receive the actual monthly rental paid, multiplied by the number of months remaining on his lease. Since there was no monthly rental he would be entitled to nothing if it were not for the fact that Section 609 pro-

vides for a minimum compensation of $250, which the court below awarded him.

Section 517 of the Eminent Domain Code, 26 P.S. §1-517, provides that "All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily."[2] Since the court below changed the amount of the award it might appear that it exceeded its power to act preliminarily. However, what was actually objected to was the viewers' interpretation of the compensation provisions of Section 609, as reflected in the amount of the award. This interpretation was a proper matter for preliminary decision and the court below simply performed a ministerial function when it fixed the award at the statutory minimum.

Order affirmed.

---

[2] It is our understanding of the Eminent Domain Code, particularly Section 516, that objections such as the one before the court should be included in the appeal to the court below rather than in a separate petition as was done here. However, all parties here consented to the petition and we will not reverse for this purely technical defect.