Lectronic Distributors, Inc., Appellant, *v.* Redevelopment Authority of Philadelphia.

Argued September 15, 1970.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Lewis Kates,* with him *Kates, Livesey & Edelstein,*
for appellant.

*M. Patricia Harkins,* for appellee.

OPINION BY MONTGOMERY, J., November 13, 1970:

This is an appeal by Lectronic Distributors, Inc.
(Lectronic), from the order of the Court of Common
Pleas of Philadelphia which confirmed the report of
a Board of View refusing to award business dislocation
damages under Section 609 of the Eminent Domain
Code, Act of June 22, 1964, Special Sess., P. L. 84, Art.
I, 26 P.S. §1-101 et seq., to appellant as tenant of real
property which was condemned by the Redevelopment
Authority of the City of Philadelphia (Authority) on
December 29, 1966.

This appeal involves the construction of §609 of the
Eminent Domain Code under the undisputed facts,
which follow.   For many years prior to the date of tak-
ing Lectronic, a retail distributor of electronic manu-
facturing parts, occupied the first floor and basement
of the condemned premises, 727 Arch Street, Philadel-

phia, Pennsylvania, under a written lease, which at the
time of taking had eleven months remaining at a month-
ly rental of $412.50. "The Lease provided for auto-
matic renewals on a yearly basis and also provided for
termination upon condemnation of the demised prem-
ises."[1] Lectronic remained in possession until Febru-
ary 1, 1968, which was over two months after the origi-
nal term of the lease would have expired. After Lec-
tronic vacated the premises it presented to the Board
of View a claim for machinery and equipment damage,
under §608 of the Eminent Domain Code, which was
granted by the Board in the amount of $4,709. It also
presented a claim in the amount of $4,537.50 for busi-
ness dislocation damages under §609[2] of the Eminent
Domain Code, which was denied by the Board. How-
ever, the Board granted all Lectronic's requests for
findings of fact and found as follows:

"1. Condemnee [Lectronic] sustained a substan-
tial loss of patronage upon its vacating of the con-
demned premises on February 1, 1968.

---

[1] Quoted from Lectronic's brief on this appeal. The lease was
not made part of the printed record.

[2] "Business dislocation damages—The condemnee shall be en-
titled to damages, as provided in this section, for dislocation of a
business located on the condemned property, but only where it is
shown that the business cannot be relocated without substantial
loss of patronage. Compensation for such dislocation shall be the
actual monthly rental paid for the business premises, or if there is
no lease, the fair rental value of the business premises, multiplied
by the number of months remaining in the lease, not including un-
exercised options, not to exceed twenty-four months or multiplied
by twenty-four if there is no lease. The amount of such compensa-
tion paid shall not exceed five thousand dollars ($5000) and shall
not be less than two hundred fifty dollars ($250), regardless of
the number of months remaining in the lease or the monthly rental.
A tenant shall be entitled to recover for such business dislocation
even though not entitled to any of the proceeds of the condemna-
tion."

"2. Condemnee's vacating of the premises on February 1, 1968, was the result of the condemnation by the Redevelopment Authority of the City of Philadelphia.

"3. Condemnee had eleven months remaining on its lease from the date of condemnation and the monthly rental was $412.50."

Since the facts are not in dispute, Lectronic appears to rely on the findings of fact of the Board and argues therefrom that, as a matter of law, the Board should have awarded it business dislocation damages under §609 of the Code. Its argument can be summarized as follows. It contends that under §609 it is required to prove only that (1) it is a condemnee, (2) that it has sustained a substantial loss of patronage as a result of vacating the property and (3) that it was required to vacate the premises as a result of the condemnation. It especially relies on the Board's finding No. 2, to the effect that Lectronic was required to vacate the premises as a result of the condemnation, and argues, moreover, the fact that a condemnee remains on the condemned premises after the condemnation is irrelevant in determining its right to business dislocation damages. In affirming the action of the Board, Hon. Maurice W. SPORKIN, Judge, in a carefully reasoned opinion for the court below, held that Lectronic must prove that its business was interfered with or dislocated while it had a property interest in the leased premises and that, since Lectronic has not done so, it is not entitled to damages. The award for machinery and equipment damages has not been appealed by the Authority; so that the only question before us is the propriety of its refusal to award business dislocation damages.

Section 609, providing for business dislocation damages, has not been fully interpreted nor have the facts

which a condemnee must prove in order to recover damages been established on the appellate level. However, the most recent case decided by this Court under this section has established that the burden of proof is on the condemnee. *Pittsburgh Urban Redevelopment Authority v. Cleban,* 216 Pa. Superior Ct. 269, 264 A. 2d 187 (1970). *Lasher v. Allegheny County Redevelopment Authority,* 211 Pa. Superior Ct. 408, 236 A. 2d 831 (1967), is authority for the principle that a tenant whose right to possession of the leasehold is interfered with by the taking or condemnation can claim business dislocation damages as a condemnee. However, the construction of §609, aforesaid, which will give it full effect, is as follows: It is our opinion that a claimant for business dislocation damages in order to recover must prove (1) that it is a condemnee within the meaning of the Code, (2) that its business was dislocated by the condemnation or taking, and (3) that its business cannot be relocated without a substantial loss of patronage. Under this interpretation we conclude, as did the lower court, that Lectronic has not met its burden of proof and should be denied recovery of business dislocation damages.

Although the lower court stated that Lectronic "was neither a condemnee nor a tenant for the purposes of Section 1-609 at the time its business was dislocated," we agree with Lectronic that at the time of condemnation it was a condemnee,[3] in contemplation of §609. A condemnee is defined in §201(2) of the Code as ". . . the owner of a property interest taken, injured or destroyed . . ." The Joint State Government Commission's comment on this section states, "It is intended

---

[3] We deem it unnecessary to pass upon the effect of the provision in the lease providing for its termination upon condemnation. It was not argued in the court below or upon this appeal. See *Scholl's Appeal,* 292 Pa. 262, 141 A. 44 (1928).

by this definition to include tenants, . . . as condemnees." See *Lasher v. Allegheny County Redevelopment Authority,* supra, in which we held that a tenant in possession of property even under a tenancy at will was entitled to business dislocation damages. Within the meaning of the above definition, title to the subject property was taken and the lease was taken and destroyed by the condemnation. Thereafter Lectronic continued in possession only at the sufferance of the Authority and it could have been turned out at any time. *City of Philadelphia v. Miskey,* 68 Pa. 49 (1871).

Even though Lectronic at the time of condemnation was technically a condemnee under the Code, we believe that the Code contemplates an actual dislocation or interference with its peaceful possession of the property under the original terms of its lease. The facts in the case of *Fisher v. Pittsburgh Public Parking Authority,* 433 Pa. 113, 248 A. 2d 849 (1969), are analogous but not in point. Fisher, as tenant, occupied real estate which was privately negotiated and sold to the Parking Authority, which had the power of eminent domain. Upon the normal expiration of the lease, the Parking Authority refused to renew the lease and the tenants claimed compensation under the Eminent Domain Code. The Court, denying recovery, stated that a tenant whose lease has expired is not a condemnee under the Eminent Domain Code. Similarly, in the present case, appellant has not shown that its peaceful possession of the premises was ever interfered with by the Authority until after the original lease would have expired.

The second finding by the Board, that its vacation of the premises on February 1, 1968, was the result of the condemnation by the Redevelopment Authority of the City of Philadelphia, is inconclusive for several reasons. First, this is a conclusion of law, which is

not binding upon us on this appeal. Moreover, on this point, the case of *Lasher v. Allegheny County Redevelopment Authority,* supra, is distinguishable. In *Lasher* we held that a tenant at will in property condemned had standing to assert a claim under the Eminent Domain Code. However, in *Lasher,* it was clear that, not only was the landlord-tenant relationship terminated by the taking, but also that the tenant's peaceful enjoyment of the property was terminated by the taking even though less than a month remained under the month-to-month lease. It is to be noted, but not controlling on the question, that all the parties in *Lasher* agreed that the condemnee was entitled to business dislocation damages, and the only dispute was over the manner in which those damages were to be computed. In the present case, as we previously discussed, at the time of the tenant's dislocation, he was not a tenant under the original lease but rather was a tenant by sufferance of the Authority, as landlord. Thus, it is contrary to the facts to state that its occupancy of the property was terminated by the taking, which we have concluded is an essential element to be proved by the condemnee. Since Lectronic's peaceful possession of the property was not terminated by the taking but rather by its ouster by the Authority, as landlord, under a tenancy at will, but only after the expiration of the original term of the lease which was destroyed by the condemnation, it follows that Lectronic has not proved that its business was dislocated by the condemnation. Therefore, for this reason alone, it cannot recover business dislocation damages.

The Board of View made no finding on the third point that must be proved by a claimant under §609, i.e., that its business cannot be relocated without a substantial loss of patronage. The Board's finding that Lectronic suffered a substantial loss of patronage upon its vacation of the premises on February 1, 1968, possi-

bly is a finding of fact upon which the necessary legal conclusion can be drawn that its business could not be relocated without a substantial loss of patronage. However, it will be unnecessary for us to resolve this issue, since our decision that Lectronic cannot recover business dislocation damages can be sustained on the single reason that it failed to prove that its business was dislocated as a result of the taking by eminent domain.

Order affirmed.