## Ann's Donut Shop Condemnation

*Murray S. Eckell,* for condemnees.

*Samuel M. Tolen,* for condemnor.

DE FURIA, J., March 8, 1971.—Defendant's (Authority-condemnor) motions for judgment n.o.v. and for new trial are before us.

A jury of view had awarded plaintiff (condemnee) damages of $4,025.87, of which $1,410.37 was for business dislocation damages under section 609 of the Eminent Domain Code of June 22, 1964, P. L. 84, 26 PS § 1-609. Both parties appealed.

On trial before this court, sitting without a jury, we found for the condemnee in the sum of $3,750.36, of which $1,140 was for business dislocation damages under section 609.

The Authority contends that the court was in error in awarding business dislocation damages to the condemnee, and cites in support thereof the case of Lectronic Distributors, Inc. v. Redevelopment Authority of Philadelphia, 217 Pa. Superior Ct. 310, 272 A. 2d 208 (1970), which had not been reported at the time of trial on December 22, 1970.

Lectronic's lease specifically provided for its termination upon condemnation. Although the Superior Court did not pass upon the effect of this provision in the lease, its ruling is directly founded thereon:

Lectronic "failed to prove that its business was dislocated as the result of the taking by eminent domain."

In the instant case, a one-year lease was extant at the time of condemnation. Therefore, condemnee held a property right (leasehold title) when its lease was *destroyed* by the taking: 26 PS §201(2). This is a fundamental difference from the Lectronic situation, where the condemnee held no property right at the time of taking, when its lease was *terminated* by the condemnation.

It is anomalous to say that a tenant is a condemnee (as Lectronic holds and defendant here concedes) with a legal right to damages for dislocation if he removes as a result of the condemnation, but if he remains as a tenant at sufferance or for a term under the condemnor, the condemnee then loses his prior right to dislocation damages.

The legal right to damages is vested at the time of condemnation under section 609, and such right can be lost only by failure to prosecute within the term of the statute of limitations. Further, it is the duty of the condemnor here to try to relocate the condemnee. In almost every case, it is necessary for the condemnee to remain in possession at sufferance for a period of time in order to relocate.

The extended possession at sufferance by the condemnee merely postpones the time for the determination of dislocation damages. Any other interpretation would violate property rights, equity and good sense. Here, the condemnee had a property right at the time of the condemnation and a legal redress for destruction of that right; in Lectronic the condemnee had neither property right nor legal claim for redress.

## ORDER

And now, March 8, 1971, defendant condemnor's motions for judgment n.o.v. and for new trial are refused and dismissed.