Mobil Oil Corporation, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued November 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Leonard M. Mendelson,* with him *Hollinshead & Mendelson,* for appellant.

*John M. Tighe,* Special Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 1, 1974:

The singular issue presented by this appeal is whether a board of viewers has jurisdiction to hear and determine a claim for business dislocation damages asserted under Section 601A(b)(3) of the Pennsylvania Eminent Domain Code of 1964.[1]

Pursuant to Commonwealth Court Rule 89, the parties hereto have stipulated to the factual and procedural posture of the case. On March 31, 1971, the Commonwealth of Pennsylvania (Condemnor) filed a declaration of taking condemning in its entirety property owned by Mobil Oil Corporation (Condemnee) which had been leased to George L. Zozos (Zozos). Possession of the property was delivered to the condemnor on December 30, 1971, and, upon petition of the condemnee, a Board of Viewers was appointed to ascertain damages. The Board of Viewers (Board) filed its report on March 13, 1972, awarding condemnee $142,000 for the loss of its real estate and $5,000 business dislocation damages. Condemnor appealed this award, but thereafter settled the real estate damages claim for $140,000. The parties stipulated that the unsettled claim for business dislocation damages would be tried before the Court of Common Pleas of Allegheny County without a jury.

Subsequent to the filing of this appeal, condemnee obtained an assignment of any claim for business dislocation damages from Zozos. On September 28, 1972,

---

[1] Act of June 22, 1964, P. L. 84, added by the Act of December 29, 1971, P. L. 635, 26 P.S. §601A(b)(3).

Judge PRICE entered an Order without prejudice to its assertion of its own cause of action based on the new assignment which precluded condemnee from asserting at trial its claim for business dislocation damages by reason of this assignment. With mutual consent of the parties, Judge PRICE entered an Order remanding the case to the Board of Viewers to determine the qualifying business dislocation damages due condemnee pursuant to the new cause of action flied by condemnee.

The Board of Viewers filed its report on March 19, 1973, and denied both parties all relief and held that it was without jurisdiction to determine the claim for business dislocation damages. The Board apparently believed that Section 601A(b)(3) of the Eminent Domain Code, as implemented by Section 103.4(e) of the Justice Department's Regulations on Uniform Relocation Assistance [2 Pa. B. 733][2] vested exclusive jurisdiction to hear and determine such a claim in the "acquiring agency," here the Department of Transportation. Both the condemnee and condemnor appealed this report.

After initially vacating the report and remanding the claim to the Board of Viewers, Judge SILVESTRI of the same court entered an Order on April 9, 1972 confirming the position of the Board of Viewers. We hold that this was error and must reverse.

To our knowledge, a Board of Viewers' jurisdiction to initially hear and determine claims for business dislocation damages has never before been challenged and in our judgment for good reason. In petitioning for appointment of viewers, a condemnee must set out "a

---

[2] Section 103.4(e) provides: "To be eligible for payment under this sub-section, a displaced person shall make available to the acquiring agency copies of applicable Federal, State and local tax returns, and shall allow the acquiring agency to examine all applicable books and records."

request for the appointment of viewers to ascertain just compensation." Section 502(a)(6) of the Eminent Domain Code of 1964.[3] Just compensation is defined by Section 602 of the Code, as amended in 1971,[4] to include the difference between the fair market value of a condemnee's property before and after a taking, "and such other damages as are provided in this code." One such item of special damages is business dislocation damages provided by Section 601A(b)(3) of the Code. Section 507(b), which when read in conjunction with Section 507(a), expressly authorizes a board of viewers to hear claims for business dislocation damages; and Section 511(5) requires the viewers to include in its report "(a) schedule of damages awarded and benefits assessed, to and by whom payable, and for which property, separately stated as follows: general damages, moving and removal expenses, *business dislocation damages* and other items of special damages authorized by this act, and the date from which damages for delay shall be calculated." (26 P.S. §1-511(5)) (Emphasis supplied.)

It is evident to us in reading these provisions that the Legislature intended to confer jurisdiction of claims for business dislocation damages on the Board of Viewers, and the addition of Section 601A(b)(3) in 1971 in no way deprives the Viewers of jurisdiction. Section 601A(b)(3) provides: "In addition to damages under clauses (1) or (2) of this subsection, damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to either (i) forty times the actual monthly rental, in the case of a tenant, or forty times the fair monthly rental value, in the case of owner-occu-

---

[3] Act of June 22, 1964, P. L. 84, as amended, 26 P.S. §1-502 (a)(6).

[4] Act of December 29, 1971, P. L. 635, 26 P.S. §1-602.

pancy; or (ii) the average annual net earnings, whichever is greater. For the purposes of this subsection, the term 'average annual net earnings' means one-half of any net earnings of the business or farm operation before Federal, state, and local income taxes, during the two taxable years immediately preceding the taxable year in which such business or farm operation moves from the real property acquired for such project, and includes any compensation paid by the business or farm operation to the owner, his spouse, or his dependents during such period. *The regulations promulgated under section 604-A may designate another period determined to be more equitable for establishing average annual net earnings, provided the designation of such period does not produce a lesser payment than would use of the last two taxable years.* In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing patronage, and (ii) is not a part of a commercial enterprise having at least one other establishment not being acquired by the acquiring agency, which is engaged in the same or similar business." (Emphasis supplied.)

Although not referred to in its report, the Board of Viewers apparently believed that Section 604-A,[5] as incorporated by Section 601A(b)(3), represented a change in the law, vesting the "acquiring agency" with exclusive jurisdiction to hear and determine business dislocation claims. As the reference to Section 604A in Section 601A(b)(3) suggests, however, Section 604A is essentially an enabling provision requiring the Attorney General to promulgate rules and regulations to assure that payments, authorized under the Code, are made in a prompt, fair and uniform manner. Thus, as

---

[5] Act of June 22, 1964, P. L. 84, as added by the Act of December 29, 1971, P. L. 635, 26 P.S. §1-604A.

applied in Section 601A(b)(3), Section 604A enables the Attorney General to formulate a more equitable net earnings period in determining the *amount* of business dislocation damages to be awarded by a board of viewers after the board has determined a condemnee's *right* to such damages. Section 604A in no way authorizes an acquiring agency to assert jurisdiction over a claim for business dislocation damages properly before a board of viewers. Although Section 604A(3) provides "that any person aggrieved by a determination as to eligibility for a payment authorized by this article, or the amount of a payment, *may elect* to have his application reviewed by the head of the acquiring agency or his designee" (26 P.S. §604A(3), emphasis added), this provision clearly comes into play during settlement negotiations with the acquiring agency which either precede or are ancillary to the appointment of a board of viewers, and was intended as an alternative means of resolving claims for business dislocation damages.

Neither Section 604A. the regulations promulgated thereunder, nor Section 601A(b)(3), usurp the jurisdiction of the Board of Viewers, expressly conferred upon it by Article V of the Code, to hear and determine the instant claim for business dislocation damages.

Accordingly, we enter the following

### ORDER

AND NOW, this 1st day of February, 1974, the Order of the Court of Common Pleas of Allegheny County, dated April 9, 1973, is hereby reversed and the Court is ordered to remand to the Board of Viewers for hearing and determination the claim of Appellant Mobil Oil Corporation for business dislocation damages.