A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment of West Philadelphia Redevelopment Area, University Urban Renewal Area, Unit No. 3, Philadelphia, Including Certain Land, Improvements and Properties. Claim of: Meyer Kenig, t/a O.K. Delicatessen; Premises: 9 South 40th Street; Meyer Kenig, t/a O.K. Delicatessen, Appellant.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment Area, Market Street East Urban Renewal Area, Section B, Designated as NDP Area VI, Philadelphia, Including Certain Land Improvements and Properties. Claim of: Pickwick Drug Company; Premises: 939 Market Street; Pickwick Drug Company, Appellant.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment Area, Urban Renewal Area , Section A, Designated as NDP Area VI, Philadelphia, Including Certain Land, Improvements and Properties. Claim of: Frank Wolf and Evelynne Wolf, His Wife, t/a Wolf's Jewelry; Premises: 15 S. 13th Street; Frank Wolf and Evelynne Wolf, h/w, t/a Wolf's Jewelry, Appellants.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment Area, Market Street East Urban Renewal Area, Section A, Designated as NDP Area VI, Philadelphia, Including Certain Land, Improvements and Property. Claim of: Tad's Steaks, Inc.; Premises: 1226 Market Street; Tad's Steaks, Inc., Appellant.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment Area, Market Street East Urban Renewal Area, Section A, Designated as NDP Area VI, Philadelphia, Including Certain Land Improvements and Properties. Claim of: Edwin Levin, t/a Crown Card Shop; Premises: 17 S. 13th Street; Edwin Levin, t/a Crown Card Shop, Appellant.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment of Washington Square Redevelopment Area, Washington Square West Urban Renewal Area, Unit No. 2, Philadelphia, Including Certain Land, Improvements and Properties. Claim of: East Coast Paper Company, Inc.; Premises: 1001-15 Lombard Street; East Coast Paper Company, Inc., Appellant.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of West Philadelphia Redevelopment Area, Haddington Urban Renewal Area, Unit No. 1, Philadelphia, Including Certain Land, Improvements and Properties. Claim of: Morris Cohen, Leon Cohen and Harry Cohen, Partners, t/a Bresch Hardware Co.; Premises: 5226 Haverford Ave. and 5229 Vine Street; Morris Cohen, Leon Cohen and Harry Cohen, Partners, t/a Bresch Hardware Co., Appellants.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment Area, Market Street East Urban Renewal Area, Section B, Designated as NDP Area VI, Philadelphia, Including Certain Land, Improvements and Properties. Claim of: David M. Zevin, t/a Commonwealth Op-

tical Co.; Premises: 941 Market Street; David M. Zevin, t/a Commonwealth Optical Co., Appellant.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment of West Philadelphia Redevelopment Area, University City, Urban Renewal Area, Unit No. 3 Philadelphia, Including Certain Land, Improvements and Properties. Claim of: Walter Kleinman and Shirley Kleinman, i/t/a Bennett X-Ray. Premises: 11 S. 37th Street; Walter Kleinman and Shirley Kleinman, i/t/a Bennett X-Ray, Appellants.

A Condemnation Proceeding In Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment of Independence Mall Urban Renewal Area, Unit No. 3, Philadelphia, Including Certain Land, Improvements and Properties. Claim of: Peter Paone, t/a Market Street Stationers; Premises: 41 South 4th Street; Peter Paone, t/a Market Street Stationers, Appellant.

Argued April 7, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

508

*Lewis Kates,* with him *Kates & Livesey,* for appellants.

*Dennis L. Friedman,* with him *Peter A. Galante,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 15, 1976:

In these eminent domain cases, commercial condemnees (Claimants) have appealed orders of the court of common pleas remanding their individual claims for increased business dislocation damages to a board of view. Since the cases involve similar facts and legal issues, they were consolidated for our determination.

In 1971, the business dislocation damage provisions of the Eminent Domain Code[1] (Code) were amended by the addition of Article VI-A[2] which provides for increased special damages for displacement. Section 601-A of the new Article, 26 P.S. §1-601A, provides dislocation damages for those displaced from their business. In general, the damages cover payment for

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

[2] Act of December 29, 1971, P.L. 640, 26 P.S. §§1-601A-1-606A.

any loss of personal property resulting from displacement plus a "solacement" payment. The "solacement" payment is allowed when the relocation results in a substantial loss of existing patronage and where the enterprise has no other locations which are unaffected by condemnation. Reimbursement is also provided for expenses incurred in searching for a replacement business.

Article VI-A also provides that all persons who were displaced on or after January 2, 1971 are entitled to the new benefits[3] even though there may have been a final disposition of their claims under the prior displacement damage provisions.[4] In addition, persons displaced between January 2, 1971 and December 29, 1971 (the effective date of the new Article VI-A) are entitled to the greater sum of the displacement damages to which they are entitled under Article VI-A or any prior law.

In the instant appeals, the displacements all occurred after January 2, 1971 and before December 29, 1971.

Verdicts were entered in favor of each Claimant for dislocation damages under the pre-Article VI-A provisions. In some of the cases, the verdicts were entered after stipulations waiving viewer proceedings. In others, the verdicts were entered upon awards of the boards of view. In one case, the verdict was entered after a trial in the court of common pleas on the issue of business dislocation damages. Judgments had been entered upon all verdicts and the condemning authority has paid the claims.

On August 30, 1973, Claimants petitioned the court of common pleas for increased business disloca-

---

[3] Section 606-A of the Code, 26 P.S. §1-606A.

[4] Sections 609 and 610 of the Code (now repealed) provided damages for business dislocation.

tion damages pursuant to Article VI-A. The court below remanded these claims to the board of view for determinations as to the amount of increased damages to which each Claimant was entitled. It is from these orders that the instant appeals arise.

The narrow issue for our determination is whether the court below should have determined the amounts due Claimants for increased business dislocation damages or remanded the claims to the board of view.

In *Mobil Oil Corp. v. Commonwealth of Pennsylvania, Dept. of Transportation,* 11 Pa. Commonwealth Ct. 593, 315 A. 2d 639 (1974), we held that the power to award business dislocation damages under Article VI-A is in the board of view and not the acquiring agency. *Mobil Oil Corp.* also held that Section 604-A of the Code, 26 P.S. §1-604A, authorizing the Attorney General to promulgate regulations for the implementation of the business displacement damage provisions, does not relieve the board of view of its jurisdiction to determine a condemnee's right to these damages. The court of common pleas may determine the amount of business dislocation damages when the claim is before it on a de novo appeal from the award of the board of view.[5] *See Redevelopment Authority of the City of Chester v. Swager,* 12 Pa. Commonwealth Ct. 437, 316 A.2d 136 (1974). However, these claims are not in that procedural posture since Claimants have not yet pursued the proper board of view route. The court below properly remanded the claims to a board of view to fix the amount of additional business dislocation damages to which Claimants were entitled under Article VI-A.

---

[5] The de novo appeal from the award of a board of view is taken pursuant to Sections 515-517 of the Code, 26 P.S. §§1-515-1-517.

### ORDER

AND Now, this 15th day of July, 1976, the orders of the Court of Common Pleas of Philadelphia County are hereby affirmed.