In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 326, Section 4 R/W in Abington Township and the Borough of Rockledge. Edward and Mary Neumann (Owners) John and Ida Brennan (Tenants) *v.* Commonwealth of Pennsylvania, Department of Transportation. John Brennan and Ida Brennan, Appellants.

Argued April 5, 1977, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*George O'Connell,* with him *John W. Lauffer,* and
*Barbin, Lauffer & O'Connell,* for appellants.

*William P. Culp, Jr.,* Special Assistant Attorney
General, with him *Robert W. Cunliffe,* Deputy Attor-
ney General, and *Robert P. Kane,* Attorney General,
for appellee.

OPINION BY JUDGE WILKINSON, JR., May 2, 1977:
Appellants appeal the order of the Montgomery
County Court of Common Pleas denying their motion
to take off a non-suit entered by the court as to their
claims for business dislocation damages and expenses

incident to the acquisition of relocation property pursuant to Section 601-A(b)(3) and former Section 616, respectively, of the Eminent Domain Code (Code).[1] We affirm.

On or about December 31, 1969, appellants became lessees[2] of two adjoining properties located at the intersection of a state highway and local road in Montgomery County. Appellants were engaged in the retail sale of fruit, produce and miscellaneous related items and conducted this business in a single-story wood frame building on the premises. The building was appellants' only sales outlet and was operated primarily by them with only occasional part-time help.

On November 4, 1971, appellee filed a declaration of taking, condemning the premises on which the building was located. Appellants vacated the premises sometime in October or November 1972 (prior to the termination of the lease) and purchased a site several miles from the condemned premises. There they established a retail food market with expanded facilities, employment and types of available items.

Appellants petitioned for appointment of a board of view in January 1974. The board awarded them $2,376.00 as stipulated moving expenses and $3,800.00 in business dislocation damages. Appellee appealed. At a non-jury trial, appellants attempted to prove the "substantial loss of existing patronage" required for business dislocation damages under Section 601-A(b)(3) by offering testimony that up to seventy per

---

[1] Section 601-A of the Act of June 22, 1964, Special Sess., P.L. 84, *added* by the Act of December 29, 1971, P.L. 640, *as amended*, 26 P.S. §1-601A(b)(3) ; Section 616 of the Code, repealed by the Act of December 29, 1971, P.L. 635.

[2] Appellee in its brief questioned the existence of a valid assignment of a lease of the property to appellants. The court below found, however, that appellants were indeed lessees.

cent of the business at the former location was from regular customers from within a one-mile radius and that such customers do not visit the new store. This testimony was uncontradicted by the appellee. However, appellee introduced, over objection, tax returns of the business showing that its net profit for 1973, its first full taxable year at the new location, was $9,137.00 as compared to net profits of $4,002.22 and $6,889.00 for 1970 and 1971 respectively, the two taxable years immediately preceding the taxable year in which dislocation occurred. Appellee then moved for a non-suit as to appellants' claims for business dislocation damages and expenses incidental to the acquisition of relocation property. The lower court entered an order awarding appellants verdicts in the amount of the stipulated moving expenses and $500.00 in stipulated counsel fees but sustaining appellee's motions for non-suit. Appellants' motion to take off the non-suit was denied by the court after argument en banc. The court held that there can be no recovery for business dislocation without a showing of both loss of patronage and actual loss, and since appellants had shown no actual loss the non-suit as to dislocation damages was proper. The court also held that the non-suit as to appellants' claim for expenses incidental to the acquisition of relocation property was proper on the ground that appellants were lessees of the condemned premises and former Section 616 was applicable only to owners. This appeal followed.

Appellants claim that the lower court erred in its interpretation of Section 601-A(b)(3). Appellants contend that because they presented uncontroverted evidence that a substantial percentage of the regular customers at the former location are no longer customers at the new location, they have suffered "a substantial loss of existing patronage" and are thus entitled to business dislocation damages despite the

subsequent immediate increase in net profits at the new location. We cannot agree. Appellants are confusing "loss of patronage" with loss of patrons.

In regulations promulgated by the Department of Justice regarding uniform relocation assistance, the method for determining loss of existing patronage for a relocated business is set forth explicitly:

> In the case of a business which relocates, loss of existing patronage shall be determined by comparing the average net earnings at the new location during a period of at least six months with the average net earnings during the two taxable years immediately preceding the taxable year in which the business is dislocated, or the applicable period provided for in paragraph (6) of this subsection.

37 Pa. Code §151.4(vi).

In this case, therefore, the lower court committed no error in admitting the tax returns of appellants' business for 1970, 1971 and 1973. The returns revealed that the business enjoyed a significant increase in its net profits in its first taxable year at the new location as compared to its last two taxable years preceding dislocation. Thus, the lower court did not err in its non-suit of appellants' claim for dislocation damages.

Appellants argue that our decision in *Redevelopment Authority of Chester v. Swager*, 12 Pa. Commonwealth Ct. 437, 316 A.2d 136 (1974) requires a contrary result. There we interpreted the phrase, "substantial loss of existing patronage" to mean that business which "eventually prospers at its new location is still entitled to business dislocation damages" if it suffered an initial loss of earnings. *Id.* at 443, 316 A.2d at 140. Here, there was no loss in earnings upon dislocation. The only "loss" suffered by appellants was that of specific, individual cus-

tomers who were immediately replaced in significantly greater numbers by other customers at the new location. Under the circumstances, we cannot conclude that a "loss" has occurred within the meaning of *Swager*. As Judge TREDINNICK, speaking for the court below sitting en banc, said:

[W]here one who is forced to move suffers a substantial loss of patronage thereby, but nevertheless in the first year of operation at a new location not only makes up that loss with new business, but posts significant gains, he has suffered no loss and is entitled to no payments under this section.

Appellants finally claim error in the lower court's non-suit of their claim for expenses incident to the acquisition of relocation property under Section 616, which has since been repealed but which was in effect on the date of the declaration of taking. That section provided:

Section 616. Expenses Incidental to Transfer of Property.—In addition to amounts of damages otherwise authorized, the condemnor shall reimburse the condemnee for reasonable and necessary expenses incurred for recording fees, transfer taxes, and similar closing expenses incidental to conveying such property and penalty costs for prepayment of any mortgage entered into in good faith encumbering such real property if such mortgage is on record or has been filed for the record on the date of filing of the declaration of taking by the condemnor. The condemnor shall also reimburse the condemnee for reasonable and necessary expenses incurred for recording fees and similar closing expenses incurred by the condemnee on the replacement property if such replacement property

is settled after condemnation and within one year of the final settlement for the condemned property.

It is clear that the expenses for which compensation was provided under this section are those incurred by owners of real property. Although appellants purchased the property on which their business is presently located, they were tenants at the time of condemnation. Hence, we must agree with the lower court that Section 616 is inapplicable to appellants.

Accordingly, we will enter the following

ORDER

Now, May 2, 1977, the order of the Montgomery County Court of Common Pleas No. 74-1345, dated April 12, 1976, is hereby affirmed.