Esther Eisenberg *v.* Redevelopment Authority of the City of Bethlehem, Appellant.

194

Argued April 5, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Michael E. Riskin,* for appellant.

*Gary M. Miller,* with him *Robert Ungerleider,* for appellee.

Opinion by Judge Wilkinson, Jr., May 8, 1978:

This is an appeal from an order of the Northampton County Court of Common Pleas which, sitting en banc, affirmed a trial court's award of $6,400 in business dislocation damages to appellee pursuant to Section 601-A(b)(3) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* added by Section 8 of the Act of December 29, 1971, P.L. 640, *as amended,* 26 P.S. §1-601A(b)(3). We must reverse.

Appellee operated a ladies' apparel shop for over 25 years as a business tenant on premises included in a declaration of taking filed by appellant on April 18, 1973. Appellee terminated business at that location on April 7, 1973 and reopened on or about May 1, 1973 at a new location with expanded facilities approximately one block away. She conducted business at the new location until she retired in December 1974.

In August 1975, a board of view (board) denied appellee business dislocation damages under Section 601-A(b)(3) on the ground that the business had not suffered the requisite "substantial loss of its existing patronage" upon relocation. The board further denied dislocation damages under Section 603-A of the Code, 26 P.S. §1-603A, because appellee was a business tenant as opposed to a dwelling tenant, and awarded counsel fees of $500 to appellee pursuant to Section 610 of the Code, 26 P.S. §1-610. After considering testimony and exhibits relating to the financial condition of the business during the calendar years 1971, 1972 and 1973, the trial court, sitting without a jury, concluded that a substantial loss of existing patronage had occurred. It awarded appellee $6,-400, equivalent to 40 times the actual monthly rental, the standard of damages which yielded the greater recovery to appellee as prescribed by Section 601-A(b)(3). The trial court denied damages under Section 603-A and awarded $500 counsel fees under Section 610. The common pleas court sitting en banc affirmed the trial court.

The only question presented on this appeal is whether the court below erred in its decision that dislocation damages were warranted in this case.[1] Cru-

----

[1] Appellee's cross-appeal, alleging that the court below erred in restricting counsel fees to $500 pursuant to Section 610 of the Code, was consolidated for argument with this appeal and is found at 35 Pa. Commonwealth Ct. 213, 386 A.2d 165 (1977).

cial to the court's decision on that point was its determination that the net earnings of the business decreased in 1973, the year in which dislocation occurred, as compared with 1971 and 1972, the two years immediately preceding dislocation. Appellant does not contest the figures furnished by appellee's accountant but does contend that they do not support the conclusion of the court below, principally because the calculation of net earnings accepted by the court below added to the net earnings figures which appellee's accountant furnished to the Internal Revenue Service for 1971, 1972 and 1973, respectively, amounts which represented a clothing allowance and a drawing account taken by appellee each year, and, in 1973, subtracted an amount equivalent to that loaned to the business that year by appellee's husband. We need not decide here whether the court below erred in its use of these figures in its determination that the net earnings of the business fell during the *calendar year 1973,* however, because such a determination as to the *calendar year 1973* is not conclusive on the question whether a "substantial loss of . . . existing patronage" occcurred within the meaning of Section 601-A(b)(3). In regulations promulgated by the Department of Justice regarding uniform relocation assistance, the test to be applied in determining loss of existing patronage for a relocated business is set forth:

In the case of a business which relocates, loss of existing patronage shall be determined by comparing the average net earnings *at the new location during a period of at least six months* with the average net earnings during the two taxable years immediately preceding the taxable year in which the business is dislocated, or the applicable period provided for in paragraph (6) of this subsection. (Emphasis added.)

37 Pa. Code §151.4(vi). *See Appeal of Brennan,* 30 Pa. Commonwealth Ct. 58, 372 A.2d 1240 (1977). This controlling decision of May 2, 1977, was not available to Judge GRIFO when he decided the case as a trial judge on April 28, 1976, nor to the court en banc when it affirmed that decision on February 17, 1977. *Lectronics Distributors, Inc. v. Redevelopment Authority of Philadelphia,* 217 Pa. Superior Ct. 310, 272 A.2d 208 (1970) and *Mobil Oil Corp. v. Commonwealth,* 11 Pa. Commonwealth Ct. 593, 315 A.2d 639 (1974) relied on by the court below were appropriate for other aspects of the case not involved in this appeal. *Redevelopment Authority of Chester v. Swager,* 12 Pa. Commonwealth Ct. 437, 316 A.2d 137 (1974) is quite different from the instant case for, as pointed out in *Brennan, supra,* there the business suffered an initial loss after the move and it was only in the "long run" that it prospered. In the instant case, there was no loss during the first period in excess of six months after the move.

Thus the period relevant here for comparison with pre-dislocation years in the determination of whether a substantial loss of existing patronage occurred is not the calendar year 1973 (during which appellee operated the business at both the new and old locations), but rather a period of at least six months at the new location, beginning in May 1973. Since the facts show unquestionably that during such period of at least six months at the new location the business enjoyed a substantial *increase* in net earnings, we must reverse the awarding of business dislocation damages by the court below.

Accordingly, we will enter the following

ORDER

Now, May 8, 1978, the order of the Northampton County Court of Common Pleas, No. 33 April Term,

1973—C.M., dated February 17, 1977, is hereby reversed insofar as it awards business dislocation damages of $6,400 to appellee.