Esther Eisenberg, Appellant *v.* Redevelopment Authority of the City of Bethlehem.

214

Argued April 5, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Gary M. Miller,* with him *Robert Ungerleider,* for appellant.

*Michael E. Riskin,* for appellee.

Opinion by Judge Wilkinson, Jr., May 8, 1978:

This is a cross-appeal to an appeal decided at 35 Pa. Commonwealth Ct. 193, 386 A.2d 163 (1978). The facts of this case may be found therein. The issue presented on this cross-appeal is whether the Northampton County Court of Common Pleas erred in restricting an award for attorney's fees to appellant herein (appellee in No. 523 C.D. 1977) to $500 pursuant to Section 610 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* added by Section 7 of the Act of December 29, 1971, P.L. 640, *as amended,* 26 P.S. §1-610. We affirm the court below.

Appellant argues that she is entitled to $2,058.75 as reimbursement for attorney's fees incurred in her proceeding for business dislocation damages. She contends that since she vacated the premises upon which her business had been conducted on April 7, 1973, 11 days before the filing of a declaration of taking by appellee, the proceeding must be considered one initiated under Section 502(e) of the Code, 26 P.S. §1-502(e), which permits a condemnee to file a petition for the appointment of viewers where "there has been a compensable injury suffered and no declaration of taking therefor has been filed. . . ." Appellant thus argues that her claim for attorney's fees falls within the "reasonable fees" rule of Section 609 of the Code, added by Section 7 of the Act of December 29, 1971, P.L. 639, *as amended*, 26 P.S. §1-609, provided for actions initiated by a condemnee under Section 502, rather than the $500 limitation prescribed by Section 610. We reject this argument. The record shows clearly that no petition for an appointment of viewers was ever made by appellant, and, as appellant admits, a declaration of taking was indeed filed. Under the circumstances, the mere fact that appellant vacated the premises voluntarily 11 days before such filing does not cause the general rule of Section 610 to be inapplicable here.

Appellant argues, however, that appellee must be required to pay the $2,058.75 because one of its staff employees notified her by letter, in November 1972, in response to her inquiry, that appellant would pay "reasonable lawyer fees," apparently on the strength of which appellee engaged counsel. Even assuming that appellant's continued reliance throughout this entire proceeding upon the opinion of one of the appellee's staff employees (whom the record fails to identify as an attorney) was justifiable, we must interpret the phrase "reasonable lawyer fees" in light

216

of the specific limitation of Section 610, the applicable statutory provision, that recovery for "reasonable expenses actually incurred for appraisal, attorney and engineering fees" in a case of this type is "not to exceed five hundred dollars." Therefore we cannot say that the court below erred in its award of attorney's fees of $500.

Accordingly, we will enter the following

ORDER

Now, May 8, 1978, the order of the Northampton County Court of Common Pleas, at No. 33 April Term, 1973—C.M., dated February 17, 1977, insofar as it awards $500 as attorney's fees to Esther Eisenberg, is hereby affirmed.