Bob J. White et al., Julian W. Panek and Mary Panek, t/d/b/a Lawrence, The Florists *v.* Redevelopment Authority of the City of McKeesport. Julian W. Panek and Mary Panek, t/d/b/a Lawrence, The Florists, Appellants.

Argued November 20, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

328

*Martin F. P. Vinci, III*, with him *John M. Tighe, Tarasi & Tighe*, for appellants.

*Clifford A. Johns, Jr.*, with him *Thomas J. Dempsey*, for appellee.

OPINION BY JUDGE MACPHAIL, December 15, 1980:

Julian W. Panek and Mary Panek (Appellants) operated a florist business in a leased premises located at 417 Ringgold Street in McKeesport for about seven years. In 1973, the Redevelopment Authority of the City of McKeesport (Authority) condemned that premises; as a consequence Appellants moved their business in May of 1973 to 519 Walnut Street,

McKeesport. Appellants then sought relocation damages from the Authority pursuant to the provisions of Section 601A of the Eminent Domain Code, Act of June 22, 1964, P.L. 84, Special Sess., added by Section 8 of the Act of December 29, 1971, P.L. 640, 26 P.S. §1-601A.[1] A Board of View was appointed which awarded no damages to Appellants. On appeal to the Allegheny County Court of Common Pleas, a compulsory non-suit was entered against Appellants and judgment entered thereon. Appellants' motion to set aside the compulsory non-suit was denied. This appeal followed.

Evidence at the trial indicated that for the years prior to 1973 Appellants' business had a net loss. In 1973 it had a net profit of $389.97 and in 1974 a net profit of nearly $4,000. Notwithstanding the improvement in the profitability of their business, Appellants urge that they are entitled to damages because their exposure to potential customers is much less in their new location. They attribute their new found success to more advertising, better promotion and generally greater activity in the solicitation of customers.

As the learned trial judge noted in his opinion denying Appellants' motion to set aside the compulsory non-suit, "It is obvious from the record that the Paneks suffered no loss of patronage despite the fact that the business sustained a loss of patrons. It is lost business and not lost patrons that controls the Paneks' right to obtain business dislocation expenses."

[1] Subsection (b)(3) of Section 601A reads in pertinent part as follows:

In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing *patronage*, and (ii) is not a part of a commercial enterprise having at least one other establishment not being acquired by the acquiring agency, which is engaged in the same or similar business. (Emphasis added.)

330

In *In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation v. Brennan*, 30 Pa. Commonwealth Ct. 58, 372 A.2d 1240 (1977), under almost identical factual conditions, this Court affirmed the entry of a compulsory non-suit holding that the appellants there confused loss of patronage with loss of patrons. The principles of law set forth in *Brennan* are fully applicable here and need not be reiterated.

Order affirmed.

ORDER

AND Now, this 15th day of December, 1980, the order of the Court of Common Pleas of Allegheny County entered October 19, 1979 to No. 2892 April Term, 1973 is affirmed.