555 A.2d 309

Albert J. Bernotas and Genevieve M. Bernotas, Appellants *v.* Chester County Water Resources Authority, Appellee.

Argued December 12, 1988, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*William L. McLaughlin, Jr.,* for appellants.

*Patrick C. O'Donnell,* with him, *John E. Good,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, March 13, 1989:

Albert J. Bernotas and Genevieve M. Bernotas (Appellants) appeal an order of the Chester County Court of Common Pleas sustaining the preliminary objection of the Chester County Water Resources Authority (Authority) to their petition for a board of viewers.

The procedural history of this case dates back to September of 1967, when the Authority filed a declaration of taking against the Appellants' real property located in Upper Uwchlan Township. A writ of possession for the

property was issued in May of 1978. A Board of Viewers had been appointed to determine the value of the realty but did not consider dislocation benefits.

In 1971, Article VI-A was added to the Eminent Domain Code (Code).[1] This Article provided for moving and related expenses for displaced persons including business dislocation damages.

The Authority denied certain relocation expenses and the Appellants filed an action in federal court pursuant to 42 U.S.C. §1983, seeking such an award.[2] A settlement was reached in this action whereby the Authority agreed to pay the Appellants approximately $35,000.00 in relocation benefits and whereby both parties agreed that the Authority would hold a hearing on claims which had been preliminarily denied.

Section 604-A of the Code, 26 P.S. §604A, provides in pertinent part:

> The Attorney General shall promulgate such rules and regulations as may be necessary to assure:
>
> . . . .
>
> (3) That any person aggrieved by a determination as to eligibility for a payment authorized by this article,[3] or the amount of a payment, *may elect* to have his application reviewed by the head

---

[1] Act of June 22, 1964, (Sp. Sess.), P.L. 84, *as amended*, §§101-903.

[2] Section 606-A of the Code, 26 P.S. §1-606A provides that all persons displaced on or after January 2, 1971, are entitled to the benefits set forth in Article VI even though there may have been a final disposition of their claims under former sections of the Code providing for business dislocation damages. According to the Authority's brief, the issue in the federal action was whether an individual who was subject to condemnation in 1967, is a "displaced person" for purposes of the 1971 amendments to the Code.

[3] Referring to Article VI-A, entitled "Special Damages for Displacement".

of the acquiring agency or his designee. (*Emphasis added*.)

The Authority denied the Appellants' claim for the value of a stockpile of field stone on the condemned property.

The regulation at 37 Pa. Code §151.12, promulgated pursuant to Section 604-A(3) of the Code, provides for a grievance procedure whereby the head of each acquiring agency or his designee shall hear grievances concerning a condemnee's eligibility for or the amount of an item of special damages. It further provides that the aggrieved person has the opportunity for a hearing.

Pursuant to this regulation, the head of the Authority designated a member of the board as hearing officer and a hearing was held on the issue of whether the Appellants were entitled to reimbursement for the field stone. In an adjudication dated September 27, 1983, the hearing officer denied any compensation for the stone.

On October 27, 1983, the Appellants filed a Petition for Review with this Court in an attempt to appeal the Authority's decision. By memorandum and order dated November 14, 1983, we held that the Authority was a local agency and pursuant to Section 933(a)(2) of the Judicial Code, 42 Pa. C. S. §933(a)(2), jurisdiction was in the court of common pleas.

The Appellants then petitioned for a board of viewers which the trial court appointed by order dated February 5, 1985. The Authority filed preliminary objections to the petition claiming that the Appellants elected to have their claim heard by the administrative agency and therefore waived their right to a board of viewers. The trial court sustained the preliminary objections, holding that the Appellants may not have their claim heard by a board of viewers after they chose to proceed through the local agency.

On appeal, the Appellants maintain that the trial court erred in holding that pursuant to Section 604-A(3), they must elect whether they wish to proceed through the acquiring agency or a board of viewers and argue that the section allows a condemnee to elect to negotiate first with the acquiring agency in an attempt to settle the matter before petitioning for a board of viewers. We agree.

Pursuant to Section 604-A of the Code and the Uniform Relocation Assistance regulations at 37 Pa. Code §§151.1-151.12, a condemnee seeking displacement damages must first apply to the acquiring agency. *See Wasserman Petition*, 70 Pa. D. & C. 2d 640 (1973) (sustaining preliminary objections raised by the Philadelphia Redevelopment Authority to a petition by a condemnee for a board of viewers to determine displacement damages because the condemnee failed to first seek such damages from the acquiring agency). Should the condemnee be dissatisfied with the acquiring agency's determination, the regulation at 37 Pa. Code §151.2(3) comes into play.

Pursuant to §151.2(3), the condemnee *may elect* to have the application for displacement damages reviewed by the head of the acquiring agency or his designee. This is what the Appellants did in the present case. However, there is nothing in the Code nor the regulations which provides that an election to appeal to the head of the acquiring agency or his designee under 37 Pa. Code §151.2(3), constitutes a waiver of the right to petition for an appointment of viewers.

In *Mobil Oil Corporation v. Department of Transportation*, 11 Pa. Commonwealth Ct. 593, 598, 315 A.2d 639, 642 (1974), we stated that Section 604-A(3) of the Code "clearly comes into play during settlement negotiations with the acquiring agency which either precede or

are ancillary to the appointment of a board of viewers, and was intended as an alternative means of resolving claims for business dislocation damages." We then went on to hold that neither Section 604-A(3) nor the regulations promulgated thereunder, usurp the jurisdiction of a board of viewers to hear claims for business dislocation damages. *See also Appeal of Kenig*, 25 Pa. Commonwealth Ct. 504, 360 A.2d 776 (1976).

The Authority contends that the hearing officer's decision was a final decision of an administrative agency. Therefore, it maintains the condemnees may not seek the appointment of viewers but are instead relegated to an appeal of the Authority's decision to the trial court. We disagree. Instead, Section 604A(3) provides a condemnee who is dissatisfied with the acquiring agency's determination as to eligibility for displacement damages or the amount of such damages, with the option of seeking review of that determination within the acquiring agency *before* petitioning for a board of viewers. We cannot believe that the legislature intended to set up a system whereby a property owner could voluntarily choose to forego an unbiased assessment of dislocation damages by a board of viewers and instead bind himself to the decision of the acquiring agency.

The regulations promulgated pursuant to Section 604A provide for a hearing by the acquiring agency on the appeal of an aggrieved displaced person. The Appellants do not lose their right to appointment of viewers under the Code simply because such a hearing was held.

In light of the foregoing reasoning, the order of the trial court is reversed and the matter remanded for proceedings consistent with this opinion.

ORDER

AND NOW, this 13th day of March, 1989, the order of the Chester County Court of Common Pleas dated March

11, 1988, at Nos. 174 March Term 1970, 216 Jury of View 1967, and 410-P Misc. Term, 1983, is reversed. The matter is remanded for appointment of a board of viewers as requested in the Petition for Appointment of Board of View filed with said trial court on February 5, 1985.

Jurisdiction relinquished.